Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal determinations de novo, and factual findings for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

Younes has not shown that he was persecuted in the past and does not demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999). Younes has failed to demonstrate that it is more likely than not that he will be persecuted were he to return to Tunisia. *Id.*; 8 C.F.R. § 208.16(b)(2). Likewise, Younes has failed to bring evidence showing that it is more likely than not that he will be tortured should he return to Tunisia. *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM ***

California state prisoner Roberto Herrera, AKA Roberto Torres Herrera, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Herrera's action because Herrera failed to allege facts sufficient to show that defendant was deliberately indifferent to his chronic pain. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (to demonstrate deliberate indifference, the prisoner must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and "harm caused by the indifference"); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004) ("[M]edical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

**Roberto HERRERA, aka Roberto Torres Herrera, Plaintiff–Appellant,**

v.

**H. NGUYEN, Defendant–Appellee.**

**No. 13–16358.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2014.*

Filed April 14, 2014.

Roberto Herrera, Corcoran, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion by denying Herrera's motion for appointment of counsel because Herrera failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

**AFFIRMED.**

Avtar SINGH, Petitioner,

v.

Eric H. HOLDER, JR., Attorney General, Respondent.

No. 10–72358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2014.

Decided April 14, 2014.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

R. Alexander Goring, Esquire, Trial, Nairi Simonian Gruzenski, Esquire, Oil, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

MEMORANDUM *

1. The Board of Immigration Appeals (BIA) did not abuse its discretion in affirming the Immigration Judge's discretionary denial of asylum. Substantial evidence supports the conclusion that Avtar Singh had engaged in marriage fraud. Immigration fraud is a proper consideration in a discretionary denial of asylum. *Hosseini v. Gonzales,* 471 F.3d 953, 957 (9th Cir.2006). The BIA properly weighed this adverse factor alongside all other relevant considerations, including favorable factors such as family reunification. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1139 (9th Cir.2004). The denial is thus neither "manifestly contrary to the law [nor] an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

2. Singh's Convention Against Torture (CAT) claim is moot. The BIA granted Singh withholding of removal, the broadest relief that would be available to him under CAT. *See* 8 C.F.R. § 1208.16(c)(4).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.